UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
BERNIE G. DOMINGUEZ
LILA DOMINGUEZ,
    Debtors.                                         No. 13-97-17464 SA

BERNIE G. DOMINGUEZ, et al.,
    Plaintiffs,
v.                                                      Adv. No. 05-1198 S

PIONEER CREDIT RECOVERY, INC., et al.,
    Defendants.

## MEMORANDUM OPINION ON MOTIONS TO DISMISS AND ORDER DISMISSING ADVERSARY PROCEEDING

This matter is before the Court on two motions to dismiss filed by Pioneer Credit Recovery, Inc. (doc 20) and Educational Credit Management Corporation (doc 28). Counsel are listed below. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

On a motion to dismiss pursuant to Rule 12(b)(6)[1], a court must accept as true all of the well-pleaded facts and consider those facts in a light most favorable to the plaintiff. Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). On such a motion, the issue is not whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence to support the claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts which would

---

[1] Fed.R.Civ.P. 12(b) is incorporated by Fed.R.Bankr.P. 7012(b).

entitle him or her to relief.  Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  This is so even if the Court and the parties are aware of facts, outside the pleadings, that make it seem unlikely that plaintiffs will prevail.  "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In considering the legal sufficiency of plaintiff's claim, the court can only consider the facts alleged and any document attached as an exhibit to the complaint or incorporated in it by reference.  See Fed.R.Civ.P. 10(c).  However, if a plaintiff does not incorporate by reference or attach a document to the complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an authentic copy to the court to consider on a motion to dismiss.  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  Therefore, the Court has considered the documents attached to the Motions to Dismiss without converting this Motion to one for summary judgment.

**FACTS**

1.  On or about February 26, 1986, Plaintiffs guaranteed a student loan for their daughter ("Loan 1").
2.  On or about October 23, 1987, Plaintiffs guaranteed another student loan for their daughter ("Loan 2").

Case 05-01198-s    Doc 41    Filed 06/22/06    Entered 06/22/06 13:32:58 Page 2 of 6

3.  On December 21, 1987, Plaintiffs filed a chapter 7 bankruptcy case, 7-87-02576, and received a discharge on April 21, 1992.

4.  On November 9, 1994, Plaintiffs filed another chapter 7 bankruptcy case, 7-95-12972 (sic)[2] and received a discharge on May 23, 1996.

5.  On December 24, 1997, Plaintiffs filed a chapter 13 bankruptcy case, 13-97-17464 and received a discharge on July 16, 2003.

6.  The student loan agencies received dividends of about $6,800.11 in the chapter 13 case.

7.  The record does not indicate when either Loan 1 or Loan 2 first became due. For the purposes of this motion, the Court will give Plaintiffs the benefit of the doubt and assume that the loans became immediately due upon signing.

## CONCLUSIONS OF LAW

Dischargeability of student loans is governed by 11 U.S.C. § 523(a)(8). In 1987 that statute provided that student loans were not dischargeable "unless-(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition." See, e.g., Lohman v. Connecticut Student Loan Foundation (In re

---

[2]The Court's database shows that the case number was 7-94-12972, but the difference is not relevant.

Case 05-01198-s    Doc 41    Filed 06/22/06    Entered 06/22/06 13:32:58 Page 3 of 6

Lohman), 79 B.R. 576, 578 n.2 (Bankr. D. Vt. 1987). At the time of the first bankruptcy, Loan 1 had been due for 22 months and loan 2 had been due for 2 months. Neither was discharged in the first bankruptcy.

If a student loan debtor files a bankruptcy, the repayment period is suspended for the duration of the case until the debtor receives a discharge. Washington v. Educational Credit Mgt. Corp. (In re Washington), 318 B.R. 405, 407 (Bankr. W.D. Tenn. 2004); Virginia State Education Assistance Authority v. Gibson (In re Gibson), 184 B.R. 716, 717 (E.D. Va. 1995), aff'd., 86 F.3d 1150 (4th Cir. 1996); Saburah v. United States Dept. Of Education (In re Saburah), 136 B.R. 246, 254 (Bankr. C.D. Cal. 1992). Therefore, Loans 1 and 2 were in suspension from December 21, 1987 to April 21, 1992[3] when discharge was entered.

In 1994 when the second bankruptcy was filed, section 523(a)(8) provided that student loans were not dischargeable unless the loan "first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition." See, e.g., Bachner v. Illinois Student Assistance Comm. (In re Bachner), 165 B.R. 875, 878 (Bankr. N.D. Ill. 1994). Therefore, when the second

---

[3] In Plaintiffs' reply brief they state that they may have been mistaken about the date of discharge of the 1987 case. The Court's database confirms that discharge was in fact entered on April 21, 1992.

Page -4-

bankruptcy was filed, Loans 1 and 2 had been in repayment for an additional 31 months (from April 22, 1992 to November 9, 1994). This means that Loan 1 had been in repayment for a total of 53 months and Loan 2 had been in repayment for a total of 33 months. Neither were discharged in the second bankruptcy.

Similarly, student loans had to have been in repayment for 7 years when the third bankruptcy was filed. Therefore, when the third bankruptcy was filed, Loans 1 and 2 had been in repayment for an additional 19 months (from May 24, 1996 to December 24, 1997). This means that Loan 1 had been in repayment for a total of 72 months and Loan 2 had been in repayment for a total of 52 months. Neither were discharged in the third bankruptcy.

In summary, the Court can find no set of facts that would entitle Plaintiffs to relief on this complaint. It should be dismissed.

IT IS ORDERED that this Adversary Proceeding is dismissed.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Copies to:

Louis Puccini, Jr
PO Box 30707
Albuquerque, NM 87190-0707

Manuel Lucero
Assistant US Attorney
PO Box 607
Albuquerque, NM 87103-0607

David E. Stocker
11501 Northlake Drive
Cincinnati, OH 45249

Craig R. Welling
1200 17th Street, Suite 3000
Denver, CO 80202-5585